[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10319
Non-Argument Calendar

_____

D.C. Docket No. 03-00143-CR-T-27-TGW

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ISRAEL COSME,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 10, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Carlos Israel Cosme appeals his conviction and 21-month sentence for

conspiracy to defraud the United States and aiding and abetting the presentation of

a false claim to the IRS, in violation of 18 U.S.C. §§ 2, 286, 287. On appeal, he argues that the district court (1) abused its discretion by denying his motion to dismiss the indictment based on alleged government misconduct before the grand jury, and (2) erred by imposing an eight-level upward adjustment to his sentence based on facts not charged in the indictment or proven to a jury.

I.

Cosme argues that the government committed misconduct before the grand jury when the prosecutor and a government witness mischaracterized Cosme's affidavit as a confession. He contends that the grand jury impermissibly relied on the statements and mischaracterizations of the prosecutor and the witness such that the indictment should be dismissed.

We review a "challenge to the district court's denial of [a] motion to dismiss the indictment under the abuse of discretion standard." United States v. Waldon, 363 F.3d 1103, 1108 (11th Cir.), cert. denied, 125 S.Ct. 208 (2004). The Fifth Amendment provides, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury " U.S. Const. amend. V. "A grand jury need find only that there is probable cause to believe that a crime was committed and that the defendant was the party who

committed the crime." United States v. Jennings, 991 F.2d 725, 729 (11th Cir. 1993).

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988). "[D]ismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id. at 256, 108 S.Ct. at 2374 (internal quotations omitted). Additionally, the Supreme Court has noted that a petit jury's subsequent guilty verdict renders "any error in the grand jury proceeding connected with the charging decision [] harmless beyond a reasonable doubt." United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 942, 89 L.Ed.2d 50 (1986) (citing racial discrimination in the composition of the grand jury as an exception).

In Bank of Nova Scotia, the Supreme Court considered whether, among other things, dismissal of the indictment was warranted where prosecutors caused IRS agents "to 'summarize' evidence falsely and to assert incorrectly that all the evidence summarized by them had been presented previously to the grand jury."

3

Bank of Nova Scotia, 487 U.S. at 260, 108 S.Ct. at 2376. The Court held that "[b]ecause the record does not reveal any prosecutorial misconduct with respect to these summaries, they provide no ground for dismissing the indictment." Id. The Court further held that "[t]o the extent that a challenge is made to the accuracy of the summaries, the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." Id. at 261, 108 S.Ct. at 2377.

The district court did not abuse its discretion by denying Cosme's motion to dismiss the indictment. In the affidavit given to the grand jurors, Cosme admitted he allowed his niece to use his computer to file tax returns, charged a fee for the service, collected customers' refunds in his personal bank accounts, was aware his niece was submitting false W-2s, and kept a tax refund based on a false W-2. The government witness's testimony before the grand jury was consistent with the statements made in the affidavit. The witness's other testimony provided additional unchallenged evidence upon which the grand jury could have relied. Further, the witness's testimony, even if inaccurate, is not sufficient to require dismissal of the indictment. In addition, Cosme concedes in his brief that his affidavit was "at most, a quasi-confession only as to count three of the indictment."

Cosme has not demonstrated prejudice resulting from the grand jury's indictment or "grave doubt" that the decision to indict was free from substantial influence. Bank of Nova Scotia, 487 U.S. at 256, 108 S. Ct. at 2374. Additionally, the petit jury's guilty verdict renders any grand jury error harmless. Therefore, the district court did not abuse its discretion by denying Cosme's motion to dismiss the indictment based on alleged government misconduct before the grand jury.

## II.

Cosme argues that the district court could only constitutionally sentence him based on the facts alleged in the indictment and proven to the jury beyond a reasonable doubt. He concedes that he did not raise the claim at the district court level, and that plain error is the appropriate standard of review. We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-36, 113 S. Ct. 1770, 1777-79 (1993).

We apply plain error to Cosme's claim in light of United States v. Booker, 542 U.S. at __, 125 S. Ct. 738 (2005), which was decided subsequent to Cosme's

5

appeal.  In <u>Booker</u>, the Supreme Court issued two separate majority opinions.  <u>Id.</u> First, Justice Stevens wrote for the Court and held that the rule announced in <u>Blakely</u> applied to the Guidelines.  <u>Booker</u>, 542 U.S. __, 125 S. Ct. at 745.  He based his opinion on the premise that the Guidelines were mandatory and imposed binding requirements on all sentencing judges.  <u>Id.</u>  at ___, 125 S. Ct. at 749. Second, and in light of Justice Stevens' holding,  Justice Breyer wrote for the Court and invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory.  <u>Id.</u> at ___, 125 S.Ct at 756. The Court instructed that both holdings – the Sixth Amendment holding and the remedial interpretation of the Sentencing Act – should be applied to all cases on direct review.  <u>Id.</u> at 769.

In <u>United States v. Rodriguez</u>, we applied plain error analysis to a claim that the defendant's sentence violated his Fifth and Sixth Amendment rights in light of <u>Booker</u> because it was based on a judge's finding of facts that were neither charged in an indictment nor proven to a jury. 398 F.3d 1291(11th Cir. 2005).  The <u>Rodriguez</u> opinion stated that a sentence enhancement based on a fact, other than a prior conviction, found solely by the judge in a mandatory guideline system met the first and second prongs of the plain error test. <u>Id.</u> at 1298-99.  The court stated that the error was not that there were "extra-verdict enhancements" that led to an

6

increase in the defendant's sentence, but rather that those enhancements were applied in a mandatory guideline system. Id. at 1300.

Applying the third prong, the court in Rodriguez then asked "[w]hether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301. Emphasizing that the defendant bore the burden of persuasion with respect to prejudice, the court in Rodriguez found that the defendant could not meet his burden because the record provided no indication that it was any more likely that the error – applying the Guidelines as mandatory as opposed to advisory – resulted in a greater sentence rather than a lesser one. Id. at 1301. In other words, the defendant could not show that the error "affected his substantial rights" because he could not show that it worked to his disadvantage rather than to his advantage.

Similarly, Cosme cannot show that the Booker error in this case affected his substantial rights by resulting in a greater sentence. Indeed, the judge imposed a 21 month sentence after finding that the Guidelines yielded a range of 15 to 21 months. This decision to sentence Cosme to the highest possible sentence that could permissibly be imposed in the then mandatory Guidelines system indicates,

if anything, that the judge might have imposed an even higher sentence if he had the additional discretion provided by the advisory system.

For the foregoing reasons, we affirm the district court.[1]

**AFFIRMED.**

---

[1] Appellant's request for oral argument is denied.

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc).[2] Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). The court declines to consider this issue because, as I agree, it is bound by the prior-panel rule, to-wit: Rodriguez's holdings.

---

[2] In this case, the district court enhanced Cosme's base offense level of 6 by 8 levels. Combined with a category I criminal history, offense level 6 yielded a Guidelines sentence range of 0 to 6 months of imprisonment, whereas offense level 8 called for a sentence of 15 to 21 months' imprisonment. The presentence report submitted to the court by its probation office stated, in paragraph 81, that "there is no apparent basis for departure." Thus, had the court not enhanced Cosme's base offense level by 8 levels, the maximum sentence the court could have imposed would have been 6 months' imprisonment, 15 months less than Cosme received.